**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MELENIE V. LANIER,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DOCKET NUMBER<br>NY-0752-14-0309-C-1<br><br><br>DATE: May 18, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tony Fisher</u>, Esquire, Buffalo, New York, for the appellant.

<u>Jeffrey L. Whiting</u>, Esquire, Buffalo, New York, for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the compliance initial decision, which denied her petition for enforcement. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to clarify the basis for finding that the agency did not breach the agreement and to address the appellant's motions to strike and for sanctions, we AFFIRM the compliance initial decision.

## BACKGROUND

¶2      On June 17, 2012, the appellant began a 2-year term appointment, subject to a 1-year probationary period, as a GS-7 Veterans Claims Examiner. *Lanier v. Department of Veterans Affairs*, MSPB Docket No. NY-0752-14-0309-I-1, Initial Appeal File (IAF), Tab 1 at 1, 3, Tab 7 at 4.[2] On May 30, 2013, the agency notified her that, effective June 14, 2013, at 4:30 p.m., she would be terminated from her position during her probationary period due to unsatisfactory performance. IAF, Tab 18 at 84. On May 31, 2013, the appellant submitted a resignation letter, stating that her resignation would be effective June 14, 2013, at 3:45 p.m. IAF, Tab 1 at 13, Tab 7 at 22. The agency processed her resignation accordingly. IAF, Tab 7 at 17-20.

---

[2] Although the parties did not submit the Standard Form 50 documenting the appellant's appointment or other official documentation showing the details of her appointment, it is undisputed that she received a 2-year term appointment subject to a 1-year probationary period. IAF, Tab 1 at 3, Tab 7 at 4.

¶3 A year later, in June 2014, the appellant, through counsel, filed a Board appeal alleging that her resignation was involuntary and challenging the merits of the agency's termination action. IAF, Tab 1. Effective October 17, 2014, the appellant and the agency entered into a settlement agreement resolving her involuntary resignation appeal. IAF, Tab 20. The settlement agreement provided, in relevant part, that the appellant would withdraw her appeal and that, in exchange, the agency would remove all records from her Official Personnel File (OPF) pertaining to "any proposed termination action taken against [her]." *Id.* at 6. The administrative judge issued an initial decision finding that the agreement was lawful on its face, freely entered into, and understood by the parties. IAF, Tab 21, Initial Decision (ID). Thus, he accepted the agreement into the record for purposes of enforcement and dismissed the appeal as settled. ID at 9.

¶4 The appellant then filed a petition for enforcement of the settlement agreement and requested a hearing. *Lanier v. Department of Veterans Affairs*, MSPB Docket No. NY-0752-14-0309-C-1, Compliance File (CF), Tab 1. She argued that the agency breached the settlement agreement by failing to remove all records from her OPF pertaining to "any proposed termination," as evidenced by the fact that the agency submitted such records in the Board appeal of another agency employee. *Id.* at 4-5. She also complained that she had requested a copy of her OPF from the "National Records office," where the agency informed her it had been sent, but that she was still waiting to receive it. *Id.* at 5. The agency responded in opposition to the appellant's petition for enforcement. CF, Tab 3. The appellant replied to the agency's response, arguing that the agency retaliated against her for participating in the Board appeal of a former coworker, *Sabio v. Department of Veterans Affairs*, MSPB Docket No. NY-315H-13-0277-I-1 (*Sabio*), "<u>by breaching the Settlement Agreement and by having a chilling effect</u>

on [the appellant's] freedom of speech and expression."[3]   CF, Tab 5 at 6 (emphasis in original); *id.* at 7-20, 32-33.   In particular, she alleged that the agency breached the clean record provision of the settlement agreement when the agency filed a July 16, 2014 affidavit from her involuntary resignation appeal file and her resignation letter in *Sabio* and elicited testimony from agency personnel pertaining to her employment during the *Sabio* hearing.   *Id.*   The appellant also appeared to allege that the agency had breached the settlement agreement by maintaining custody of her OPF rather than sending it to the National Personnel Records Center (NPRC).   *Id.* at 17, 22.   She argued that she was entitled to monetary damages for the agency's "retaliatory material breach" of the settlement agreement and to rescission of the settlement agreement.   *Id.* at 25-30.   She further argued that the agency failed to comply with the administrative judge's acknowledgment order and that the agency should be sanctioned by striking the noncompliant pleading from the record.   *Id.* at 20, 24, 34.

¶5       The agency submitted a second response opposing the appellant's petition for enforcement and responding to the arguments in the appellant's reply.   CF, Tab 6.   In a letter directed to the administrative judge, the appellant "formally object[ed]" to the agency's second response, arguing that it was filed after the close of the record and requesting that it be stricken from the record.   CF, Tab 7. The agency responded in opposition to the appellant's request to strike its second response.   CF, Tab 8.   The appellant then submitted another letter to the administrative judge, again requesting that he strike the agency's submissions

[3] Ms. Sabio, one of the appellant's former coworkers, appealed her termination to the Board and raised, in relevant part, an affirmative defense of race-based discrimination. *See Sabio v. Department of Veterans Affairs*, 124 M.S.P.R. 161 (2017).   In support of her affirmative defense, she submitted an affidavit executed by the appellant alleging disparate treatment of African American females in their department.   *Id.*, ¶ 7.   The agency moved to strike the appellant's affidavit from the record, arguing that it violated a prior sanctions order, and submitted a copy of the appellant's resignation letter and a copy of a July 16, 2014 affidavit from her involuntary resignation appeal, in which she attested that "[d]iscrimination did not cause [her] to resign."   *Id.*; IAF, Tab 1 at 13, Tab 9 at 6-8.

filed after the close of the record and asking that the agency be sanctioned for not complying with the acknowledgment order. CF, Tab 9.

¶6      In a compliance initial decision based on the written record, the administrative judge found that the appellant failed to establish that the agency breached the settlement agreement and denied her petition for enforcement. CF, Tab 12, Compliance Initial Decision (CID). The administrative judge did not address the appellant's motion to strike the agency's submissions or motion to impose sanctions on the agency for failing to comply with the acknowledgment order. *Id.*

¶7      The appellant has filed a petition for review of the compliance initial decision. *Lanier v. Department of Veterans Affairs*, MSPB Docket No. NY-0752-14-0309-C-1, Compliance Petition for Review (CPFR) File, Tab 1. She argues that the administrative judge erred in failing to rule on her motion to strike, in finding that the agency did not breach the settlement agreement, and in determining that she was not entitled to rescission of the settlement agreement. *Id.* at 6, 12-23. The agency has responded to the petition for review. CPFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant's motions to strike the agency's submissions and for sanctions are denied.</u>

¶8      As stated above, the administrative judge did not rule on the appellant's motions to strike and for sanctions against the agency. We agree with the appellant that this was error. *See Johnson v. U.S. Postal Service*, 37 M.S.P.R. 388, 392 (1988). An administrative judge's procedural error is of no legal consequence, however, unless it is shown to have adversely affected a party's substantive rights. *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981). For the reasons discussed below, we deny the appellant's motions to strike and for sanctions against the agency and find that the administrative judge's error did not prejudice the appellant's substantive rights.

¶9    In the September 28, 2015 Acknowledgment Order, the administrative judge ordered the agency to file a written response to the appellant's petition for enforcement within 15 days and informed the appellant of her option to file a reply within 10 days from the date of service of the agency's submission. CF, Tab 2 at 2. He further informed the parties that the record would close 10 days from the date of service of the agency's response and that no evidence or argument filed after the close of record would be accepted unless accompanied by information showing that it was new and material evidence that was unavailable before the record closed. *Id.* On October 13, 2015, the agency timely responded in opposition to the appellant's 1.5-page petition for enforcement. CF, Tab 3.

¶10   On October 23, 2015, the appellant submitted a 40-page reply to the agency's response. CF, Tab 5. Thereafter, on October 28, 2015, the agency submitted a second response to the appellant's petition for enforcement addressing the arguments she raised in her reply. CF, Tab 6. As noted above, the appellant moved to strike this submission on the ground that it was filed after the close of the record without showing that it contained new and material information that was unavailable before the record closed, as required by the acknowledgment order. CF, Tab 7. In response, the agency argued that the appellant raised numerous new allegations, submitted exhibits, and requested additional damages in her 40-page reply to the agency's first response and that it would be unfair to deprive the agency of an opportunity to respond to her significantly expanded claims. CF, Tab 8.

¶11   Generally, the Board will not accept additional evidence or argument after the record closes unless: (1) the party submitting it shows that the evidence or argument was not readily available before the record closed; or (2) it is in rebuttal to new evidence or argument submitted by the other party just before the record closed. 5 C.F.R. § 1201.59(c). Here, on the date the record closed, the appellant submitted a reply to the agency's first response that significantly exceeded the scope of her petition for enforcement, raising new arguments and furnishing

exhibits that were not included in her petition for enforcement. CF, Tabs 1, 5. Therefore, the agency was entitled to an opportunity to rebut the appellant's new evidence and argument submitted just before the record closed, 5 C.F.R. § 1201.59(c)(2), and we find that the agency's submission, filed only 5 days after the close of the record, was permissible. Accordingly, we deny the appellant's motion to strike the agency's second response to her petition for enforcement. We further find that the administrative judge's failure to rule on this motion below did not prejudice the appellant's substantive rights because she has not alleged, nor do we discern, that the agency's second response contained new evidence or argument entitling her to the opportunity to rebut the submission after the close of the record pursuant to 5 C.F.R. § 1201.59(c)(2). CF, Tabs 6-7, 9; CPFR File, Tab 1; *see Karapinka*, 6 M.S.P.R. at 127.

¶12 The appellant also appeared to request that the administrative judge strike the agency's October 30, 2015 response to her motion to strike the agency's second response, arguing that it was not "new or material evidence that would require the reopening of this case." CF, Tabs 7-9. Generally, unless the administrative judge provides otherwise, "any objection to a written motion must be filed within 10 days from the date of service of the motion." 5 C.F.R. § 1201.55(b). Thus, we find no basis to strike the agency's response to the appellant's motion, which it filed only 1 day after she submitted her motion. In addition, the appellant has not shown, and we do not discern, any prejudice suffered as a result of the administrative judge's failure to rule on her motion to strike the agency's timely filed response to her October 29, 2015 motion. *See Karapinka*, 6 M.S.P.R. at 127.

¶13 As noted above, the appellant also moved to strike the agency's first response to her petition for enforcement as noncompliant with the acknowledgment order and for sanctions against the agency for failing to comply with the order. CF, Tab 5 at 20, 24, 34. Specifically, the appellant argued that the agency failed to comply with the portion of the acknowledgment order

instructing the agency to submit the names and addresses of the individuals "responsible for the agency's decision even if the agency believes it is in full compliance" in its response to the appellant's petition for enforcement. *Id.*; CF, Tab 2 at 2. The agency did not provide such information in its first response to the appellant's petition for enforcement, although it submitted the information in its second response and explained that agency counsel believed the instruction to be incorrect as there was no final Board decision and it was unclear to which "agency decision" the order was referring. CF, Tab 6 at 5-6. We find no basis to strike the agency's first submission or to impose other sanctions against the agency for its initial omission of this information because the appellant has not shown either that sanctions are necessary to serve the ends of justice, that the agency acted in bad faith, or that she was prejudiced by the agency's action. *See Holsapple v. Office of Personnel Management*, 35 M.S.P.R. 558, 561 (1987) (denying the appellant's request for sanctions because he did not show any harm suffered by the agency's delay and it did not appear that the agency exhibited negligence or bad faith); 5 C.F.R. § 1201.43. Furthermore, the administrative judge's failure to rule on the appellant's motion below did not prejudice her substantive rights. *See Holsapple*, 35 M.S.P.R. at 561 (finding that, when no sanction was required, the administrative judge's failure to rule on the appellant's request for sanctions was not prejudicial to his substantive rights).

The appellant failed to establish that the agency breached the settlement agreement.

¶14    As noted above, the administrative judge found that the appellant failed to meet her burden to establish that the agency breached a material term of the settlement agreement. CID. On review, the appellant again argues that the agency breached the settlement agreement by submitting documents and eliciting testimony pertaining to her employment in the *Sabio* case and that the agency

engaged in this breach in retaliation for her participation in *Sabio*.[4] CPFR File, Tab 1 at 11-12, 14-20. For the reasons discussed below, we find no basis to disturb the administrative judge's determination that the appellant failed to establish that the agency breached the settlement agreement and that she is, therefore, not entitled to rescission of the settlement agreement. CID at 12-29. However, because some of the administrative judge's analysis may have been unnecessary to the compliance matter before us—such as his consideration of "a constitutional tort of witness retaliation" and the Board's enforcement jurisdiction based on retaliation for prevailing in one's own Board appeal—we modify his analysis consistent with this section.

¶15    The Board has the authority to enforce a settlement agreement that has been entered into the record in the same manner as any final Board decision or order. *Vance v. Department of the Interior*, 114 M.S.P.R. 679, ¶ 6 (2010). The appellant, as the party alleging noncompliance, bears the burden of proving by preponderant evidence that the agency breached the settlement agreement.[5] *Haefele v. Department of the Air Force*, 108 M.S.P.R. 630, ¶ 7 (2008). In response to a petition for enforcement claiming breach of a settlement agreement, the agency should submit evidence of the measures it took to comply, but this is a burden of production only; the overall burden of persuasion on the breach issue remains with the appellant. *Turner v. Department of Homeland Security*, 102 M.S.P.R. 330, ¶ 5 (2006). An administrative judge should hold an

---

[4] The appellant does not challenge the administrative judge's finding that the agency did not breach the settlement agreement when the NPRC allegedly failed to provide her with a copy of the OPF. The agency asserted below that it would provide her with a copy of her OPF and, on review, states that she received it prior to filing her petition for review. CF, Tab 6 at 5; CPFR File, Tab 3 at 11. Therefore, we agree with the administrative judge that the agency did not breach the agreement in this manner. CID at 16.

[5] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

evidentiary hearing if there is a genuine issue of fact concerning the agency's breach of a settlement agreement. *Id.*; *see* 5 C.F.R. § 1201.183(a)(3).

¶16    A settlement agreement is a contract, and the Board will therefore adjudicate a petition to enforce a settlement agreement in accordance with contract law. *Greco v. Department of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988); *Tom v. Department of the Interior*, 97 M.S.P.R. 395, ¶ 9 (2004). In construing the terms of a written settlement agreement, the words of the agreement itself are of paramount importance in determining the intent of the parties at the time they contracted. *Greco*, 852 F.2d at 560; *Tom*, 97 M.S.P.R. 395, ¶ 9. The Board will not imply a term into an agreement that is unambiguous and will not hear a party's complaints about matters that were not included in a settlement agreement. *Tom*, 97 M.S.P.R. 395, ¶ 9.

¶17    Here, the relevant portion of the settlement agreement provides that the agency will "[r]emove all records from Appellant's [OPF] pertaining to any proposed termination action taken against [her]." IAF, Tab 20 at 6. We agree with the administrative judge that this term is unambiguous and requires the agency to provide the appellant with a "clean" OPF, i.e., one that does not contain any reference to any termination action. *Id.*; CID at 18-19; *see Torres v. Department of Homeland Security*, 110 M.S.P.R. 482, ¶ 12 (2009). A settlement agreement providing for a clean record requires not only that the agency remove references to the challenged agency action from the employee's OPF, but also that the agency act as if the appellant had a clean OPF in dealings and communications with third parties. *Torres*, 110 M.S.P.R. 482, ¶ 12. The appellant does not appear to argue, and has not submitted any evidence showing, that the agency failed to remove references to "any proposed termination action" from her OPF. CF, Tabs 1, 5; CPFR File, Tab 1. Rather, she argues that the agency violated the settlement agreement by submitting documents and eliciting testimony from agency personnel regarding her employment and termination in the *Sabio* case. CF, Tab 5 at 7-19; CPFR File, Tab 1 at 11-12, 14-20.

¶18　　As noted above, in *Sabio*, the agency submitted a copy of the appellant's resignation letter and a copy of her July 16, 2014 affidavit from her involuntary resignation appeal. *Sabio v. Department of Veterans Affairs*, 124 M.S.P.R. 161, ¶ 7 (2017). We find no merit to the appellant's argument that the submission of these documents in *Sabio* establishes that the agency breached the clean record provision of the settlement agreement. First, the affidavit postdates the appellant's resignation by approximately 13 months and would not have been included as part of her OPF. IAF, Tab 9 at 6-8. Second, her resignation letter does not "pertain[] to any proposed termination action taken against [her]," and the clean record provision of the settlement agreement did not require the agency to excise her resignation letter from the OPF. IAF, Tab 1 at 13, Tab 20 at 6. In any event, the appellant has not shown that the agency obtained these documents, which were available to both parties in her involuntary resignation Board appeal, from her OPF. IAF, Tab 1 at 13, Tab 3 at 5, Tab 9 at 6-8.

¶19　　Contrary to the appellant's argument on review, the settlement agreement did not impose upon the agency an obligation to "clean all records wherever they may be in the Federal Government." CPFR File, Tab 1 at 28. Rather, pursuant to the unambiguous terms of the settlement agreement, the agency was only required to remove records from the appellant's "[OPF] pertaining to any proposed termination action taken against [her]." IAF, Tab 20 at 6. The settlement agreement does not require the agency to ensure that every system within the agency is free from references to the noticed termination and the settlement thereof, and we decline to imply such a term into the parties' unambiguous agreement. IAF, Tab 20; *see Tom*, 97 M.S.P.R. 395, ¶ 9; *Shirley v. Department of the Interior*, 120 M.S.P.R. 195, ¶¶ 21-23 (2013) (finding that the presence of documents referencing the appellant's removal in a separate file in a separate office did not violate the clean record provision of the settlement agreement, which required the agency to "remove any and all documents related to Appellant's removal from Federal service from the Appellant's OPF").

Therefore, the appellant has not carried her burden to show by preponderant evidence that the agency breached the settlement agreement when it submitted her affidavit and resignation letter in the *Sabio* proceeding.

¶20    The appellant's claim that the agency violated the settlement agreement by eliciting testimony from agency personnel about her "performance, attitude, termination and the nature of employment" during the *Sabio* hearing is likewise unavailing.  CPFR File, Tab 1 at 15-20.  As noted above, the appellant, as the party alleging noncompliance, bears the burden of proving by preponderant evidence that the agency breached the settlement agreement.  *Haefele*, 108 M.S.P.R. 630, ¶ 7.  Her vague claim, unsupported by any hearing transcript or recording, that unspecified questioning of agency personnel by agency counsel at the *Sabio* hearing violated the settlement agreement falls well short of demonstrating breach by preponderant evidence.

¶21    Lastly, the appellant argues again on review that the agency's breach of the settlement agreement was retaliation for her having provided an affidavit in support of the appellant in *Sabio*, and that its breach has a "chilling effect on the exercise of speech" and harms her potential for future employment.  CPFR File, Tab 1 at 20 (emphasis in original); *id.* at 20-24.  A party may breach a settlement agreement by acting in bad faith as to a settlement term, and the appellant may establish that the agency breached the settlement agreement by showing that the agency's retaliatory or harassing actions constituted bad-faith noncompliance.  *See Kuykendall v. Department of Veterans Affairs*, 68 M.S.P.R. 314, 323 (1995).  As discussed above, however, there is no indication here that the agency has breached a term of the settlement agreement.  Moreover, there is no indication that the agency acted in bad faith regarding a settlement term when, in an attempt to rebut the appellant's affidavit alleging disparate treatment in *Sabio*, it submitted her resignation letter speaking of her employment at the agency in positive terms and an affidavit explicitly stating that "[d]iscrimination did not

cause [her] to resign."  IAF, Tab 1 at 13, Tab 9 at 7; *see Sabio*, 124 M.S.P.R. 161, ¶ 7.

¶22    In light of the foregoing, we agree with the administrative judge's determination that the appellant failed to demonstrate that the agency breached the settlement agreement and affirm the denial of her petition for enforcement.

## NOTICE OF APPEAL RIGHTS[6]

The compliance initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. [5 U.S.C. § 7703](b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7703](b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , [137 S. Ct. 1975](2017). If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.